Lynn Edward TROUT, Appellant,

v.

The STATE of Texas, Appellee.

No. 270–84.

Court of Criminal Appeals of Texas, En banc.

Oct. 30, 1985.

Lawrence B. Mitchell, Jerry Birdwell, Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and John Hagler, Jeffrey B. Keck, Stewart Robinson, Mary Ludwick & Mike Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of murder and sentenced to twenty years incarceration at the Texas Department of Corrections.

Appellant alleged two specific instances of jury misconduct in an amended motion for new trial supported by attached affidavits. At the hearing on the motion for new trial appellant raised and argued a further instance of jury misconduct which was included in the affidavits but not in the motion for new trial. The trial court permitted appellant to argue this unpled instance of jury misconduct over the State's objection that there was insufficient notice given to prepare a rebuttal.

The Dallas Court of Appeals, in an unpublished opinion held that the affidavits "sufficiently apprised the State and the trial court of the facts relied upon as grounds for new trial."

We granted the State's petition for discretionary review to determine whether extraneous alleged instances of jury misconduct included in supporting affidavits but not contained in the motion for new trial itself can properly be considered by a trial or appellate court.

The record of the hearing on the motion for new trial reflects that during jury deliberations a long discussion concerning the likelihood of the appellant making parole took place. Also, one juror apparently discussed the case with her pastor at a time after the jury had retired to deliberate on the issue of punishment.

Further, juror Potts desired that appellant be sentenced to five years incarceration with a term of probation to follow. The remaining eleven jurors wanted a sentence of twenty years to be given. In order to sway juror Potts another unidentified juror suggested that psychiatric treatment might be available to appellant should he be sent to the Texas Department of Corrections. However, it was also suggested that if probation were given appellant may not receive such treatment.

Juror Potts, in her affidavit supporting the motion for new trial, stated that this discussion concerning possible psychiatric treatment along with the discussion on parole helped to change her mind about punishment.

Appellant's First Amended Motion for New Trial included the following allegations:

### II.

That there occurred jury misconduct in that the jurors discussed the topic of parole during the deliberations on punishment, and that said discussion was detrimental to the Defendant.

### III.

That there occurred jury misconduct in that after having retired to deliberate on

the case a juror conversed with a person not serving as a juror in regard to the case and that said conversation was detrimental to Defendant.

There is no mention made in the motion for new trial of any discussion between the jurors concerning possible psychiatric treatment.

Two of the four supporting affidavits attached to the motion for new trial mention the discussion concerning psychiatric treatment. Those two affidavits more prominently discuss the two instances of jury misconduct specifically included in the motion and thus directly support it. The remaining two affidavits mention only the two alleged grounds, making no mention of the discussion at issue in the instant case.

■ A motion for new trial is the proper course to be taken in preserving alleged jury misconduct error for appeal. See Art. 40.03(7) and (8), V.A.C.C.P. It is further required that such motions for new trial alleging jury misconduct be supported by the affidavit of a juror or some other person who was in a position to know the facts. Failing this, the motion must state some reason or excuse for the omission of the affidavit. *Dugard v. State,* 688 S.W.2d 524 (Tex.Cr.App.1985); *Bearden v. State,* 648 S.W.2d 688 (Tex.Cr.App.1983); *Procella v. State,* 395 S.W.2d 637 (Tex.Cr.App. 1965).

In cases where a motion for new trial has been filed alleging jury misconduct, the purpose of the affidavit is to *support* the motion. See *Dugard,* supra; *Resnick v. State,* 574 S.W.2d 558 (Tex.Cr.App.1978); *Ables v. State,* 519 S.W.2d 464 (Tex.Cr.App. 1975); *Hicks v. State,* 75 Tex.Crim.R. 461, 171 S.W. 755 (Tex.Cr.App.1914), and cases cited therein. In each of these cases the Court very clearly makes the distinction between the motion for new trial itself and the *supporting* affidavit. The affidavits are meant to support the motion and in most instances are referred to as "supporting affidavits."

In the instant case the motion for new trial alleges only two instances of jury misconduct—the discussion during punishment deliberations concerning parole and the conversation that one juror had with an outsider after the jury had retired. The attached affidavits contain facts which support both of these instances. The additional facts concerning the possibility of psychiatric treatment also found in the affidavits support neither alleged instance.

■ We hold to the principles announced in *Harvey v. State,* 150 Tx.Crim.R. 332, 201 S.W.2d 42, 45 (Tex.Cr.App.1947). In *Harvey,* the Court, discussing a motion for new trial alleging jury misconduct, concluded that "reasonable notice should be given not only the trial court but the State, as well, as to the misconduct relied upon ..." An instance of jury misconduct included in a supporting affidavit but not in the motion for new trial is not "reasonable notice."

■ Because the proper function of the affidavits is to support the motion for new trial, we hold that the alleged jury misconduct concerning the discussion about possible psychiatric treatment was not properly presented by the motion for new trial, should not have been entertained by the trial court at the hearing on the motion for new trial and was not properly preserved for appeal.

The change in the Code of Criminal Procedure pointed out by the Court of Appeals in their opinion merits some discussion.

Article 756 of the 1925 Code of Criminal Procedure read in full,

All motions for new trials shall set forth distinctly in writing the grounds upon which the new trial is asked.

In adopting the 1965 Code of Criminal Procedure the entirety of Article 756 was omitted. Art. 40.05 of the present code, which the Dallas Court of Appeals suggests is the modern embodiment of old Article 756, contains no similar language requiring that motions for new trial set forth their grounds distinctly.

While it is not clear what the reasons for the omission are, the omission is not material to the instant case. Even if it is true, as it appears, that the Legislature intended

to allow for more general pleading in motions for new trial it is not clear that supporting affidavits are now to take the place of the motion itself.

To hold that the questioned portions of the supporting affidavits in the instant case have been properly presented for review is to annihilate the motion for new trial. If any portion of a supporting affidavit can be fairly litigated in a motion for new trial hearing, regardless of its omission from the motion for new trial, the motion proper ceases to serve any purpose whatsoever. In effect, it becomes mere formalism.

Notwithstanding these changes in the law, we hold that the principles announced in *Harvey,* supra, concerning the proper notice to be given the State in cases where a motion for new trial has been filed alleging jury misconduct still apply.

Accordingly, the State's motion for rehearing is granted and the judgment of the Court of Appeals is reversed and remanded to the Court of Appeals for examination of any other ground of error.

McCORMICK, J., not participating.

CLINTON, Judge, dissenting.

Revising the Code of Criminal Procedure in 1965, the Legislature takes out former article 756, requiring that a motion for new trial "shall set forth distinctly in writing the grounds [for granting one.]" Today the majority would have this Court put it back in. Otherwise it must affirm the judgment of the Dallas Court of Appeals, for the opinion of that court is emminently correct.

September 15, 1980, upon leave of court being granted appellant filed his first amended motion for new trial with affidavit of Juror Potts attached. The State failed to file any contesting pleadings whatsoever. See Article 40.06, V.A.C.C.P. The judge of trial court convened a hearing on the amended motion September 26, 1985. Presumably both sides announced ready. The trial court permitted appellant to elicit testimony from Juror Willis relative to a discussion among some jurors concerning availability of psychiatric therapy for appellant while confined in TDC. The State says it made "repeated specific objections" to admitting that testimony on grounds that the matter was not "enumerated" in the amended motion as a basis for new trial. (The majority says the objection was "that there was insufficient notice given to prepare a rebuttal.") The trial court overruled the State's objections and admitted the testimony. The trial court heard argument by appellant and overruled the motion for new trial.[1]

On direct appeal appellant contended discussion by jurors attested to by Potts and testified to by Willis constituted receipt of "other evidence" contrary to Article 40.-03(7), V.A.C.C.P. The State took the position that the issue "has not properly been preserved for review" in that a hearing on motion for new trial must be confined to allegations in the motion. Thus the State claims error by the trial court in receiving that evidence and testimony. For reasons stated in its opinion the Dallas Court of Appeals rejected the State's contentions and held that "the alleged error is preserved for review."

Notwithstanding all axioms about discretion of the judge of a trial court concerning matters involved in proceedings for new trial, the majority holds that the discussion at issue "was not properly presented by the motion for new trial, should not have been entertained by the trial court at the hearing on the motion for new trial and was not properly preserved for appeal." Contrary

---

1. In the body above I have merely traced the flow of hearing on motion for new trial. The proceeding was much more comprehensive in terms of testimony, evidence and objections. For example, the only objection made by the State to the proffer of Pott's affidavit is that it constitutes hearsay. Willis was presented as a witness by the State; her testimony about availability of psychiatric help came in on crossexamination over objection that it was not within "the motion and the grounds for the motion." Other similar testimony was admitted. Finally, when the State reiterated its objection, the trial judge took pains to point out that the discussions are reflected in Pott's affidavit attached to the motion.

**622**

to the direction of Article 44.23, V.A.C.C.P., the majority disposes of this cause on what is surely the merest of technicalities, and in one fell swoop it also reenacts article 756, finds the trial court abused its discretion and charges that holding as the Dallas Court of Appeals did "is to annihilate the motion for new trial."

What the majority opinion does not and cannot do, however, is to deny that during deliberations jurors in this cause did in fact receive other evidence within the meaning of Article 40.03(7), supra, and that the discussion of it harmed this appellant in his effort to obtain probation and generally on the issue of punishment. Appellant did not receive a tolerably fair trial by jury, and is exposed to twenty years confinement on that account.

To legislating form of motion for new trial and adhering to it over substance of due process and due course of law, I dissent.

TEAGUE, J., joins.