NUMBER 13-02-178-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


ELISA LUNA A/K/A ELISA SANTAMARIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Elisa Luna, brings this appeal following her conviction of two counts
of aggravated robbery, one count of aggravated assault, and one count of evading
arrest. By two points of error, Luna contends the evidence is factually insufficient to
sustain the aggravated robbery and aggravated assault counts against her. By a third
point of error, Luna contends the trial court erred by failing to declare a mistrial for jury
misconduct. We affirm.

 This is a memorandum opinion not designated for publication. See Tex. R. App.
P. 47.4. The parties are familiar with the facts and we will not recite them here
except as necessary to advise the parties of the Court's decision and the basic reasons
for it. See id.I. Factual Sufficiency of the Evidence

A. Standard of Review

 Courts of appeals are empowered to review the judgment of the trial court to
determine the factual sufficiency of the evidence used to establish the elements of an
offense. See Johnson v. State, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000). In reviewing
the factual sufficiency of the evidence, the appellate court must consider all the
evidence presented to the trial court, in a neutral light, and set aside the trial court's
verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Id. at 7; Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). However, our review should be appropriately deferential to the judgment
of the fact finders at trial; we are not free to reweigh the evidence and set aside a jury
verdict merely because we feel that a different result is more reasonable. See Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 133,
135. "The jury . . . is the exclusive judge of the facts proved, and of the weight to
be given to the testimony." Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979);
see Contreras v. State, 54 S.W.3d 898, 904 (Tex. App.-Corpus Christi 2001, no
pet.). We may find the evidence factually insufficient only where necessary to prevent
manifest injustice. See Cain, 958 S.W.2d at 407; Contreras, 54 S.W.3d at 903.

B. Analysis

 Luna admits that she committed theft. Also, she does not challenge her
conviction for evading arrest. She challenges: (1) the jury's finding that she committed
aggravated robbery by threatening to run over Officer Vasquez, placing him in fear for
his life; (1) and (2) the jury's finding that she recklessly caused bodily injury to Officer
Beach with a deadly weapon, her automobile. (2)

 In the case at bar, each side brought testimony in support of their interpretation
of the events that occurred on October 11, 2001. The jury heard testimony regarding
Luna's purported intent to injure Officer Vasquez with her automobile and Luna's
purported conscious disregard (3) of the risk that her actions posed to Officer Beach. 
The jury chose to believe that Luna intended to harm Officer Vasquez with her
automobile and consciously disregarded the risk posed to Officer Beach by her actions. 
We will defer to the jury's determination of the weight and credibility to be afforded
the testimony brought in this case. See Johnson, 23 S.W.3d at 7; Cain, 958 S.W.2d
at 407; Clewis, 922 S.W.2d at 133, 135. In weighing all of the evidence presented
in the record, we cannot say that the trial court's verdict is so contrary to the
overwhelming weight of evidence as to be clearly wrong and unjust. See Johnson, 23
S.W.3d at 7; Clewis, 922 S.W.2d at 129. Thus, Luna's first and second points of
error are overruled. 

II. Jury Misconduct

 By her third point of error, Luna contends the trial court abused its discretion by
failing to declare a mistrial for jury misconduct. Alternatively, Luna contends the trial
court abused its discretion by not investigating the jury misconduct. 

 A motion for new trial is necessary to introduce facts of a matter not otherwise
shown in the record. See Tex. R. App. P. 21.2; Thomley v. State, 987 S.W.2d 906,
911 (Tex. App.-Houston [1st Dist.] 1999, pet. ref'd). A motion for new trial is the
proper course to be taken to preserve alleged jury misconduct for appeal. Trout v.
State, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985); Bath v. State, 951 S.W.2d 11,
17 (Tex. App.-Corpus Christi 1997, pet. ref'd). Because Luna failed to move for a
new trial, the alleged jury misconduct is not preserved for our review. See Thomley,
987 S.W.2d at 911. Under these circumstances, we hold that Luna has not preserved
her third point of error. See id. Luna's third point of error is overruled. 

 Accordingly, we affirm the judgment of the trial court.


 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 17th day of July, 2003. 
1. A person may be guilty of aggravated robbery if, in the course of committing a theft,
she: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2)
intentionally or knowingly threatens or places another in fear of imminent bodily injury or
death, and she uses or exhibits a deadly weapon. Tex. Pen. Code Ann. § 29.03(a) (Vernon
1994) (Aggravated Robbery); id. § 29.02(a) (Vernon 1994) (robbery).
2. A person may be guilty of aggravated assault for intentionally, knowingly, or
recklessly causing bodily injury to another, if the person uses or exhibits a deadly weapon
during the commission of the offense. Id. § 22.02(a)(2) (Vernon 1994) (aggravated assault);
Id. § 22.01(a)(1) (Vernon 1994) (assault).
3. A person is reckless with respect to circumstances surrounding her conduct or the
result of her conduct when she is aware of but consciously disregards a substantial and
unjustifiable risk that the circumstances exist or the result will occur. Id. § 6.03(c) (Vernon
1994). The State contended that Luna had recklessly caused bodily injury to Officer Beach,
because Luna did not intentionally or knowingly cause bodily injury to Officer Beach.