# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00433-CR
## NO. 03-05-00434-CR

**Frank Joseph, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NOS. 9044186 & 9044187, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Frank Joseph guilty of aggravated sexual assault of a child and indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11 (West 2003), § 22.021 (West Supp. 2006). The court assessed punishment for each offense, enhanced by a previous felony conviction, at thirty years' imprisonment. In his only point of error, appellant contends that his trial counsel did not render effective assistance. We will overrule this contention and affirm the convictions.

The complainants in these causes were two sisters who attended the day care operated by appellant's wife in their home. The sisters testified that appellant once sexually assaulted them when they spent the night at the day care.

Appellant's trial counsel filed a timely motion for new trial urging that the verdict was contrary to the law and evidence, the evidence was factually insufficient to support the verdict and sentence, and appellant was deprived of his constitutional rights "[f]or other reasons which will be presented at a hearing." Attached to the motion was an affidavit from appellant stating only that "the foregoing is true and correct." Sixty-one days after sentence was imposed, the attorney appointed to represent appellant in this appeal filed an "evidentiary addendum" to the motion for new trial and a supporting affidavit alleging ineffective assistance of trial counsel. At a hearing held seventy days after sentencing, the State objected to the trial court's consideration of the ineffective assistance claim on the ground that the addendum or amended motion for new trial was untimely. After acknowledging that "the State may well be correct that this cannot form the basis for the new trial," the court decided that "the better procedure for more judicial economy" was to "let them perhaps in the form of a Bill of Exceptions or an exhibit in a writ hearing to just put on their testimony, and that way we won't have to have Mr. Joseph come back a second time." After four witnesses testified, the hearing ended without a ruling by the court. The motion for new trial was overruled by operation of law five days later. *See* Tex. R. App. P. 21.8(c).

A motion for new trial must be filed no later than thirty days after sentence is imposed in open court, and it may be amended within the same thirty-day period if the trial court has not acted on the original motion. Tex. R. App. P. 21.4(a), (b). A motion for new trial cannot be amended after thirty days, even with leave of the court. *Dugard v. State*, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985), *overruled on other grounds*, *Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); *Prudhomme v. State*, 28 S.W.3d 114, 118 (Tex. App.—Texarkana 2000) (order); *Belton v. State*, 900

S.W.2d 886, 902 (Tex. App.—El Paso 1995, pet. ref'd); *Groh v. State*, 725 S.W.2d 282, 285 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). An untimely motion or amended motion for new trial is a nullity and cannot form the basis for points of error on appeal. *Breathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989); *Drew v. State*, 743 S.W.2d 207, 222-23 (Tex. Crim. App. 1987); *Kiser v. State*, 788 S.W.2d 909, 915 (Tex. App.—Dallas 1990, pet. ref'd).

In *Trout v. State*, the defendant filed a timely amended motion for new trial supported by affidavits alleging two acts of jury misconduct. 702 S.W.2d 618, 619 (Tex. Crim. App. 1985). At a hearing on the motion, and over the State's objection, the trial court permitted the defendant to raise and argue a third act of jury misconduct that was described in two of the supporting affidavits but was not alleged in the motion itself. *Id*. The trial court overruled the amended motion for new trial, but the court of appeals reversed the defendant's conviction on the basis of the third, unalleged act of misconduct. *Id*. On the State's petition for discretionary review, the court of criminal appeals reversed the court of appeals, holding that the unalleged act of jury misconduct "was not properly presented by the motion for new trial, should not have been entertained by the trial court at the hearing on the motion for new trial and was not properly preserved for appeal." *Id*. at 620.

An allegation that trial counsel was ineffective must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*. Although a motion for new trial is an appropriate vehicle for developing an adequate record for appeal, *see Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993), appellant did not raise the ineffectiveness issue in his

3

original motion for new trial. Instead, the issue was raised only in the untimely "addendum" or amended notice. Because the issue was not properly presented by the motion for new trial, it should not have been entertained by the trial court at the hearing over the State's objection. *Trout*, 702 S.W.2d at 620.[1] Although appellant is not precluded from asserting his ineffective assistance claim in this appeal, this Court may not, under the holding in *Trout* as we understand it, consider the testimony adduced at the hearing in support of that claim. Because that is the only evidence cited by appellant in support of his claim, the point of error can be overruled on that basis.

We will nevertheless address the merits of appellant's point of error to avoid the necessity for remand should it be determined that the record made at the hearing below is properly before us for consideration on appeal. Appellant contends that his lead attorney at trial, John Butler, was ineffective in three respects: he failed to properly prepare a key witness, he failed to obtain a key witness, and he lacked the requisite skill to try an aggravated sexual assault case. These contentions are based primarily on the testimony of Eric Rosen, an attorney who was appointed to assist Butler three days before appellant's trial began.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In

---

[1] In fact, the trial court does not appear to have entertained the ineffective assistance issue. Instead, it merely allowed appellant to make a record of the testimony he wished to present on the issue.

reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

### *Failure to prepare witness*

Rosen testified that Butler did not properly prepare an important witness for the defense. The witness was M.P., an eleven-year-old boy who also attended appellant's wife's day care center. At trial, M.P. testified that one of the complainants, S.S., told him on the playground that "[appellant] got on top of her the night before" and that the other complainant, A.S., heard this statement and said, "That didn't happen. You're lying about it."[2]

Rosen testified that M.P. "was not prepared to testify." Rosen said that M.P.'s statement, "if properly presented, would in my opinion have had a tremendous impact and could have resulted in [appellant's] acquittal." According to Rosen, Butler's failure to adequately prepare M.P. "completely diluted" his testimony, and as a result, it "had no impact." Butler testified that he spoke to M.P. for thirty minutes to an hour on the day he testified and that he believed that this was "adequate."

Rosen did not explain what he would have done differently to better prepare M.P. for trial. Moreover, M.P. did not testify at the hearing and there is no evidence that his testimony would have been any more favorable to appellant but for Butler's alleged failure to adequately prepare him

---

[2] A question was raised at trial as to whether Butler had laid the required predicate for M.P.'s testimony. The court initially sustained the State's objection, but M.P. was ultimately allowed to testify after the objection was withdrawn.

to testify. We also note that three adult witnesses testified at the trial that S.S. was not a truthful child. There is no basis in the record to support a finding that Butler's handling of M.P. was outside the broad range of reasonable professional assistance, nor is there any showing of prejudice to the defense as a result of the alleged ineffectiveness.

### Failure to obtain witness

Appellant contends that Butler was ineffective because he did not locate and call Tracey Brittain as a witness. Brittain was a mother with children who attended the day care. Appellant's wife testified at the hearing that Brittain knew that the complainants were not credible but would not testify unless subpoenaed. She said that she gave Brittain's name to Butler but he did not speak to her or subpoena her to testify. Rosen also testified that Butler failed to contact Brittain. Rosen said that he had attempted to speak to Brittain during the trial but she "refused to cooperate." Butler testified that he did not attempt to call Brittain as a witness because, based on what he was told by appellant's wife, her testimony regarding the complainants' credibility would have been cumulative of other witnesses.

Brittain did not testify at the hearing. Given her apparent lack of willingness to cooperate with the defense and the lack of any detailed showing as to what her testimony would have been if subpoenaed, appellant has not shown that Butler's decision not to pursue her as a witness was outside the range of reasonable professional assistance or prejudiced the defense.

### Lack of skill

Rosen testified that he had been a lawyer for twenty-four years and had tried several child sexual assaults during the previous five years. Although he had been appointed to assist Butler

only three days before the trial began, Rosen was of the opinion that Butler did not adequately investigate the facts, interview witnesses, or otherwise prepare himself for the trial. Rosen testified, "He did not know how to try a case involving an allegation of sexual assault of a child. He didn't know how to do it. It was beyond his professional competence. No doubt about it in my opinion."

Butler testified that he is board certified in criminal law. He said that he visited appellant more than six times to discuss the case and get his version of the events. Butler testified that he reviewed the prosecutor's file, filed the motions he deemed appropriate, and obtained rulings on those motions. Butler noted that he successfully objected to the State calling a second outcry witness.

Rosen's opinion that Butler was not competent and prepared to try this case was not shared by the prosecutor who, unlike Rosen, had observed Butler from the beginning of the prosecution. She testified that she and Butler talked about the case on numerous occasions and it was apparent to her that Butler understood the relevant issues. She testified that Butler "did discovery early" and "spoke to me on numerous occasions requesting additional opportunities for discovery." In the prosecutor's opinion, Butler fully investigated the case and was prepared for trial. She added, "I don't believe that there is anything that I have seen other defense attorneys do in cases of this nature that I didn't see Mr. Butler do."

We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. *Strickland*, 466 U.S. at 689; *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). Rosen's low opinion of Butler's performance notwithstanding, the only two failings of counsel alleged by appellant—the failure to prepare M.P. and the failure to call Brittain—do not individually or together warrant a finding of ineffectiveness. Appellant has not met his burden of

7

affirmatively demonstrating that Butler failed to render constitutionally adequate assistance at his trial.

The point of error is overruled and the judgments of conviction are affirmed.


_____

David Puryear, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed:   January 31, 2007

Do Not Publish