# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-07-00303-CR

**Ex parte Blake Taylor**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C02-04982, HONORABLE JOHN MISCHTAIN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Blake Taylor was placed on community supervision following her conviction for driving while intoxicated. In this post-conviction habeas corpus proceeding, Taylor urges that she is entitled to a new trial because the jury improperly received other evidence during deliberations.[1] *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005) (habeas corpus procedure in community supervision cases). Because this contention was addressed on direct appeal, we will affirm the trial court's order denying relief.

This is the Court's third opinion with respect to Taylor's conviction. In our first opinion, we sustained Taylor's contention that the trial court erred by refusing to consider her timely motion for new trial, abated the appeal, and remanded the cause for a hearing on the motion.

---

[1] Although Taylor did not raise a double jeopardy issue in her writ application, her prayer for relief asked the trial court to "vindicate Applicant's right to not be tried or punished twice for the same offense by discharging her from community supervision and dismissing the indictment." In Taylor's brief to this Court, her prayer for relief is that we "reverse the judgment [of] conviction and remand the cause for a new trial."

*Taylor v. State*, 163 S.W.3d 277, 284 (Tex. App.—Austin 2005, pet. dism'd). The hearing was held and the motion for new trial was overruled. After the appeal was reinstated on our docket, we affirmed the conviction after overruling Taylor's remaining points of error, including her supplemental point complaining that the trial court had abused its discretion by overruling the motion for new trial. *Taylor v. State*, No. 03-03-00624-CR, 2006 Tex. App. LEXIS 5148, at *80 (Tex. App.—Austin 2006, pet. ref'd) (mem. op., not designated for publication).

The pertinent facts are not disputed by the parties. At Taylor's trial, the arresting officer testified that Taylor told him that she had been at a club and had consumed one drink, a Long Beach. Taylor confirmed this fact in her own testimony, in which she described a Long Beach as a combination of Sprite, orange juice, and a shot of rum. In the officer's offense report, however, he erroneously wrote that Taylor had admitted drinking a Long Island Ice Tea, and the officer parenthetically added that it was his "understanding" that this drink "is made with at least six different shots of hard liquor." Apparently misled by the officer's report, the prosecutor, while cross-examining Taylor, asked if she was familiar with Long Island Ice Tea. After a relevancy objection was overruled, Taylor said that she had heard of the drink but did not know its contents. When the prosecutor suggested that a Long Island Ice Tea contains three to four ounces of liquor, Taylor responded that she "could not drink that." She added, "I can't answer your other hypothetical Long Island questions. I don't drink those. I don't know."[2]

---

[2] For a complete review of the trial evidence, see the Court's 2006 opinion. *Taylor v. State*, No. 03-03-00624-CR, 2006 Tex. App. LEXIS 5148, at *3-8 (Tex. App.—Austin 2006, pet. ref'd) (mem. op., not designated for publication). Taylor's challenges to the legal and factual sufficiency of the evidence were overruled. *Id*. at *47-53.

Marvin Hines, a juror at Taylor's trial, testified at the hearing on the motion for new trial. Hines said that Long Island Ice Tea was "mentioned" during deliberations. According to Hines, another juror said that she was a bartender and explained that a Long Island Ice Tea was a "mixture of drinks." Hines recalled the other juror saying that it contained "three to four shots of alcohol" without identifying the specific liquors. Hines added, "It was what I'd call a butt-kicker." Asked by Taylor's counsel if "that was persuasive to the jury or to yourself coming back with a guilty verdict," Hines said that it was.

In her supplemental point of error on appeal, Taylor contended that the trial court should have granted her motion for new trial because Hines's testimony showed that the jury received other evidence after retiring to deliberate. *See* Tex. R. App. P. 21.3(f). We overruled this contention on both procedural and substantive grounds. Because the jury's receipt of other evidence had not been alleged in the motion for new trial, it should not have been entertained at the new trial hearing and had not been preserved for appeal. *Taylor*, 2006 Tex. App. LEXIS 5148, at *69-71 (citing *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985)). In addition, the mention of Long Island Ice Tea during deliberations was shown to be a "passing remark" that did not constitute the receipt of other evidence within the meaning of rule 21.3(f). *Id.* at *75. And Hines's testimony at the new trial hearing had been objectionable under evidence rule 606(b) because it did not relate to an outside influence or rebut a claim that he was not qualified to serve. *Id.*; *see* Tex. R. Evid. 606(b). For all of these reasons, we held that the trial court did not abuse its discretion by refusing to grant a new trial on the ground of jury misconduct. *Taylor*, 2006 Tex. App. LEXIS 5148, at *76.

3

In her habeas corpus application, Taylor again urged that she was entitled to a new trial because the jury received other evidence. Taylor offered no new evidence at the writ hearing, relying solely on the evidence adduced at trial and at the hearing on her motion for new trial. The trial court denied relief after concluding that (1) the discussion of Long Island Ice Tea by the jurors was not the receipt of other evidence under rule 21.3(f), and (2) Hines's testimony at the new trial hearing was improper under rule 606(b).

Article 11.072 provides that a habeas corpus application "may not be filed under this article if the applicant could obtain the requested relief by means of an appeal." Tex. Code Crim. Proc. Ann. art. 11.072, § 3(a). This has been construed to mean that article 11.072 may not be used to raise a contention that could have been made on appeal from the conviction. *Ex parte Wilson*, 171 S.W.3d 925, 928 (Tex. App.—Dallas, no pet.). This is in accord with the general rule that habeas corpus cannot be used to assert claims—even constitutional claims—that could have been asserted on direct appeal. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007); *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). And with certain exceptions not asserted here, habeas corpus cannot be used to relitigate a matter that was addressed on appeal. *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994).

Taylor seeks to avoid the application of this principle by asserting that she should not have been allowed to raise the jury's receipt of other evidence at the new trial hearing, and that this Court should not have addressed the issue on appeal. *See Trout*, 702 S.W.2d at 620. The fact remains, however, that Taylor was allowed to make a record at the new trial hearing regarding her contention that the jury improperly received other evidence during deliberations. Based on this

record, Taylor brought the issue forward on appeal, where it was considered and overruled on the merits. Now, relying on the very same record, Taylor seeks to relitigate the issue in this habeas corpus proceeding. We decline to hold that a habeas corpus applicant is entitled to relitigate an issue addressed on direct appeal merely because the appellate court could have refused to consider the issue under the applicable rules of error preservation. We hold that under the circumstances shown, Taylor cannot use article 11.072 to reurge a contention she raised and this Court addressed on direct appeal.

This holding also applies to Taylor's additional argument that the prosecutor improperly suggested through his cross-examination that Taylor had consumed a Long Island Ice Tea. This contention was also raised and overruled on direct appeal. *Taylor*, 2006 Tex. App. LEXIS 5148, at *77-79.

Taylor may not use habeas corpus to relitigate issues resolved against her on appeal. For this reason, the order denying relief is affirmed.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 25, 2007

Do Not Publish

5