

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00379-CR
### No. 10-07-00394-CR

**DEMARCUS DONTRELL RIDGE**
**AND MICHAEL LYNN HENDERSON,**

                                        **Appellants**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2006-603-C2 and 2007-1731-C2

## MEMORANDUM  OPINION

Demarcus Dontrell Ridge and Michael Lynn Henderson (Appellants) were tried together, represented by different counsel, and a jury convicted each of murder. *See* TEX. PEN. CODE ANN. § 19.02 (Vernon 2003). The jury assessed a sixty-year prison sentence and $500 fine for Ridge and a sixty-five-year prison sentence and $500 fine for Henderson. Appellants assert the same points on appeal; thus, we will address their points in a single opinion. We will affirm the trial court's judgments.

In their first points, Appellants contend that fundamental error occurred when, upon direct questioning by the parties, a juror withheld information that she knew Ridge, which more likely than not produced bias in favor of the State. Specifically, Appellants state in their briefs that Ridge recognized one of the jurors as someone who coached where he had attended high school. Appellants further stated that Ridge comes from a very large family and that this particular juror would routinely come to his home to give rides to other members of his family who were attending the high school and being coached by the individual. Based on this, Appellants concluded that the juror knew both Ridge and his family yet withheld this information, which "leads one to the conclusion that she was demonstrating bias or prejudgment." To support these contentions, Appellants attached to their respective briefs a notarized but unsworn statement from someone who "went to [the relevant school district] from fourth grade to twelfth" and who states, "There is no way a teacher much less a coach did not know Demarcus Ridge or one of his family."

The defense may challenge a potential juror for cause if that juror has a bias or prejudice in favor of or against the defendant or against any of the law applicable to the case upon which the defense is entitled to rely. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9), (c)(2) (Vernon 2006). But in this case, although Appellants state that Ridge informed his trial counsel that he recognized the juror, they both acknowledge in their briefs that "[t]here is no evidence in the record that [Ridge's] trial court counsel ever brought this to the attention of the court."

Moreover, a motion for new trial is the proper course to be taken in preserving alleged jury misconduct. *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985); *see* TEX. R. APP. P. 21.2. It is further required that such motions for new trial alleging jury misconduct be supported by the affidavit of a juror or some other person who was in a position to know the facts. *Trout*, 701 S.W.2d at 620. Here, Appellants' motions for new trial are not verified, and no affidavits were filed to support the motions. Thus, Appellants' first points were not properly preserved for appeal and are therefore overruled. Because Appellants filed no affidavits supporting their motions for new trial, we also overrule Appellants' points arguing that the trial court erred by denying them a hearing on their motions for new trial and, later, denying the motions.

In their final points, Appellants contend that their respective trial court counsel was ineffective in that they did not bring to the attention of the court, despite being asked to by their respective clients, that one of the jurors actually knew Ridge and lied by omission by not relating that fact to the court.

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, we must determine: (1) whether counsel's performance was deficient, and if so, (2) whether the defense was prejudiced by counsel's deficient performance. *Wiggins,* 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews,* 159 S.W.3d at 101. The second prong of *Strickland* requires a

showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. at 2068.

Appellants have not shown that their defenses were prejudiced by their respective counsel's alleged deficient performance. Although Ridge believed he knew the juror, there is nothing in the record showing that the juror actually knew Ridge or his family. As stated above, Appellants' motions for new trial were not verified, and no affidavits were filed to support the motions. Furthermore, we cannot consider the unsworn notarized statement attached to each of Appellants' briefs because it is outside the record. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). Thus, Appellants failed to demonstrate prejudice and cannot establish ineffective assistance of counsel in these appeals. We overrule their final point.

Having overruled all of Appellants' points, we affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed August 26, 2009
Do not publish
[CRPM]