

IN THE
TENTH COURT OF APPEALS

No. 10-12-00103-CR

HOMER RAY HARRISON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law No. 2
Brazos County, Texas
Trial Court No. 09-03178-CRM-CCL2

## OPINION

Homer Ray Harrison was convicted of driving while his license was invalid, a subsequent offense, and sentenced to 60 days in jail. TEX. TRANSP. CODE ANN. § 521.457(a), (f) (West 2013). Because Harrison was not entitled to an instruction on the defense of necessity, the trial court's judgment is affirmed.

**BACKGROUND**

In July of 2009, Harrison was stopped by a Bryan Police officer for an expired vehicle registration. The registration had been expired for 11 months. The vehicle's

inspection had also expired 10 months earlier. At the time the officer passed Harrison, Harrison was in the left lane, signaling to turn left on a roadway. When the officer made a u-turn to pull Harrison over, Harrison made a right turn from the left lane instead. After the stop, when asked by the officer where he was going, Harrison responded that he was going to the "boulevard." When asked why he turned right from the left lane, Harrison responded that the light took too long to change.

Harrison did not have an ID card or a driver's license with him in the vehicle. He told the officer that his driver's license was probably suspended but said he had not been convicted previously of driving with a suspended license. The officer returned to his patrol unit and checked Harrison's name and date of birth. He discovered that Harrison's driver's license was invalid and that Harrison had three prior convictions for driving while his license was invalid. The State presented evidence that Harrison had been convicted before for the same offense in 2004 and that the State of Texas initially suspended Harrison's license because it had been suspended in another state. There were no records which indicated that Harrison ever obtained an occupational license.

Harrison did not testify. His brother, Scott, did. Scott stated that he had a heart condition and had called Harrison the day Harrison was arrested because Scott was not well. Scott said his chest was fluttering and he thought he was about to go into cardiac arrest. He thought his life was in danger and called Harrison because Harrison was the closest to him. Harrison told Scott that Harrison would get there as soon as he could.

At the time of trial, Scott knew Harrison's license was suspended. Scott did not know if Harrison knew his license was suspended at the time Scott called him.

Scott did not go to the hospital that day. He did not call an ambulance because it was something that he did not "care to be involved in." He called a nurse's assistance number and was told by the nurse to take his medicine that he was supposed to be taking and sit still. Scott could not remember if he ever received a call from Harrison letting Scott know that Harrison would not be coming over because of the arrest. Scott and Harrison's attorney reviewed the video exhibit from the arresting officer's patrol car, and from that review, Scott could tell that Harrison was on his way over to the Harrison family home where Scott lived.

## NECESSITY DEFENSE

Harrison requested a jury instruction on the defense of necessity but the trial court refused the request. On appeal, he argues that the trial court erred in refusing to instruct the jury on the defense of necessity.

*Necessity* is a defense where conduct is justified if:

(1)     the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2)     the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3)     a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (West 2011). Thus, it is a defense to criminal responsibility, under Section 9.02 of the Penal Code, if the criminal "conduct" is "justified." TEX. PENAL CODE ANN. 9.02 (West 2011); *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007). Justification, by definition, does not negate any element of the offense, including culpable intent; it only excuses what would otherwise constitute criminal conduct. *Shaw*, 243 S.W.3d at 659.

There are two obstacles Harrison must overcome before the trial court is required to submit an instruction on the defense of necessity. The first obstacle is the confession and avoidance doctrine. *Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010). The second obstacle is whether evidence was admitted which would support the defense. TEX. PENAL CODE ANN. § 2.03(c) (West 2011). If Harrison cannot overcome the first obstacle, we need not determine whether he overcame the second obstacle. *See Ray v. State*, 10-12-00271-CR, 2013 Tex. App. LEXIS 4939 (Tex. App. —Waco Apr. 18, 2013, no pet. h.)

To be entitled to a necessity defense instruction, a defendant must first admit to every element of the offense, including the culpable mental state. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007); *see also Juarez*, 308 S.W.3d at 399. ("every element" equated to the Penal Code definition of "conduct"). Harrison was charged with driving while his license was invalid, a subsequent offense. TEX. TRANSP. CODE ANN. § 521.457(a), (f) (West 2013). As charged in this case, a person commits an offense

under this section of the Code if the person operates a motor vehicle on a highway after the person's driver's license has been canceled if the person does not have a license that was subsequently issued under Chapter 521 of the Code, and has been previously convicted of an offense under section 521.457. *Id.* (a)(1), (f). There is no culpable mental state for this type of offense. *Clayton v. State*, 652 S.W.2d 810, 812 (Tex. App.—Amarillo 1983, no pet.). Thus, Harrison was required to admit to operating a motor vehicle on a highway after his license had been cancelled and to having been previously convicted of an offense under section 521.457.

Harrison did not testify. However, Harrison suggests, and the State does not contest the suggestion, that defensive evidence is sufficient to meet the requirement that Harrison admit to the conduct of the charged offense. The Court of Criminal Appeals' opinion in *Shaw v. State* supports Harrison's suggestion. *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007) ("a defensive instruction is only appropriate when the defendant's defensive evidence essentially admits to every element of the offense including the culpable mental state, but interposes the justification to excuse the otherwise criminal conduct"). Regardless of whether defensive evidence is sufficient to admit to the conduct, Harrison's defensive evidence did not essentially admit to every element of the offense charged. None of Harrison's evidence admitted that Harrison had been previously convicted of an offense under section 521.457. Rather, the evidence

showed that Harrison specifically denied that he had been previously convicted of an offense under that section.

Because Harrison's defensive evidence did not admit to all the elements of the charged offense, Harrison was not entitled to an instruction on the defense of necessity. Thus, the trial court did not err in refusing to submit the requested instruction.

Harrison's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 12, 2013
Publish
[CR25]