

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00054-CR

**LORENZO EASTERLY WILLIAMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court
Madison County, Texas
Trial Court No. CR18047**

## MEMORANDUM  OPINION

Appellant Lorenzo Easterly Williams was convicted by a jury of the misdemeanor offense of operating a motor vehicle while his driver's license was invalid.  Williams appeals his conviction, asserting that he possessed a valid driver's license at the time he was issued the citation.  We will affirm.

## *Background*

On August 27, 2017, Williams was issued a citation for driving with an invalid

license in Madisonville, Texas by a Department of Public Safety trooper.[1]  Williams

requested a trial, which was held on November 28, 2017 in the justice of the peace court.

The court found Williams guilty and assessed a fine of $243.00 on January 30, 2018.

Williams appealed his conviction, was appointed counsel, and went to trial in the County

Court of Madison County on February 7, 2019.  The jury convicted Williams and assessed

a fine of $500.00.

## **Issues**

Williams has not designated specific issues for appeal, but includes the following

"Statement of the Case":

> During a natural disaster in Houston Texas, I was traveling from Houston going towards Dallas TX.  The car I was traveling in was parked at a gas station in Madisonville TX.  The officer never observed me driving on the roadway.  I also had a valid Tennessee drivers license to drive.  It was raining hard at the time and I was under the shield at the gas pump.  The policeman said something to the effect that you look suspicious and your car registration was out.  I told the officer we are in a <u>state of emergency</u> and my Tennessee drivers license is valid.  I told the officer I drive back and forth.  I presented the officer a valid Tennessee drivers license.  The officer wrote me a ticket for driving while license invalid.  I never presented the officer with a Texas license but he told me I did not pay some tickets.  The officer then searched me asking me where the drugs and guns at.  The officer stated to me, "You lucky I am not taking you to jail."  I made a complaint against the officer with the inspector general against the officer and the way he treated me during a state of emergency natural disaster in the area.
>
> During the Justice of the Peace trial with the JP Judge, the officer tells the court he was mad/angry because I filed a complaint against him. During the trial the officer never said I was driving on the roadways in

---

[1] Williams was also cited for an expired registration.  That citation is not included in this appeal.

Madisonville TX. During the court proceedings during the trial the prosecutor was asking me about a pending case that I had no knowledge about. The case the prosecutor was referring was cause #/case # 1820120. I was leaving the courthouse the officer was stalking me and following me in an aggresive manner. I had a court date on July 2nd 2018 for the original case that I am appealing. When I get to court the officer in the courtroom told me Brockman put out a warrant on me for driving while license invalid and for failure to appear. I never received a court date are notice are nothing. The officer went inside and told the JP Judge Plotts that he just finished testifying against me and he seen me driving. The officer had the JP Judge Plotts to sign off on a warrant for my arrest for failure to appear and driving while license invalid. The JP Judge Plotts apologize to me for signing off on the warrant. The JP Judge Plotts came down to the jail and let me do a signature bond to get out and he assured me this case would be thrown out in his courtroom.

    I don't hear nothing on this case from July 2nd 2018 until Feb 26th 2019. Then fast forward to now and JP Judge Steven A Cole put out a warrant for my arrest. During the trial the prosecutor brought up pending cases I had no knowledge of. During the trial the prosecutor kept asking me why I made a complaint against the officer.

    My drivers license was valid at the time my brother vehicle was parked at the gas pump during Hurricane Harvey in Houston TX. I travel back and forth between Tennessee and Texas.

    During the trial as I was walking to the restroom it looked like the prosecutor Cynthia Roholt walked into the jury room while they were deliberating talking about the case. It looked like she went through a locked door where they was at.

In his notice of appeal, Williams notes:

    I would like the appeal court to overturn this conviction because the state did not prove I was driving on a roadway. They did not say what street; what road. The state did not meet this burden.

    I would like the appeal court to overturn this conviction because I presented to Officer Brockman a valid drivers license.

While Williams has not specifically designated issues for appeal, the State identifies the following issues from Williams' brief:

1.      Whether Williams operated on a public highway in Madison County, Texas on August 27, 2017.

2.     Whether Williams held a valid driver's license recognized by the State of Texas on August 27, 2017.

3.     Whether the State's prosecuting attorney tampered with the jury at trial on February 7, 2019.

## *Discussion*

A. Sufficiency of the Evidence.  We will presume that issues one and two relate to the sufficiency of the evidence to support Williams' conviction.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).  This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781.  We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232.  Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319, 99 S.Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012).  This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).  Direct evidence and circumstantial evidence are equally

probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

The complaint against Williams specifically charged that Williams intentionally and knowingly operated a motor vehicle upon a public highway after renewal of his driver's license had been denied under Chapter 706 of the Transportation Code and that Williams did not have a driver's license subsequently issued under Chapter 521 of the Transportation Code. The Transportation Code provides: "(a) A person commits an offense if the person operates a motor vehicle on a highway . . . (4) after renewal of the person's driver's license has been denied under any law of this state, if the person does not have a driver's license subsequently issued under this chapter." TEX. TRANSP. CODE ANN. § 521.457(a)(4). In order to establish a violation of § 521.457(a)(4), the prosecution was required to prove that Williams operated a motor vehicle on a highway after his driver's license had been canceled if he did not have a license that was subsequently

issued under Chapter 521 of the Transportation Code. *See Harrison v. State*, 421 S.W.3d 39, 42 (Tex. App.—Waco 2013, pet. ref'd).

The evidence at trial established that Williams' driver's license had been revoked and had not been renewed at the time the citation was issued. Williams testified that his license still had not been renewed at the time of trial.

Williams testified that he drove the vehicle from Houston to Madisonville on the day the citation was issued.[2] The trooper who issued the citation testified that he saw Williams pull into the convenience store/gas station. The jury was entitled to infer that public roadways were used. After viewing all the evidence in the light most favorable to the verdict, the jury could have found the essential elements of the crime beyond a reasonable doubt.

Williams argues that he should not have received a citation because he had a valid driver's license issued from the State of Tennessee. The Transportation Code provides a waiver for a driver ticketed in the State of Texas who is a resident of another state and possesses a valid driver's license issued by that state. TEX. TRANSP. CODE ANN. § 521.030. However, Williams testified that he was a resident of the State of Texas on the day the citation was issued and that he had been for approximately three years prior to that date. The Transportation Code provides that any person not expressly exempted under the Code "may not operate a motor vehicle on a highway in this state unless the person holds

---

[2] Williams also notes in his Notice of Appeal that he was driving from Houston towards Dallas on the day the citation was issued.

a driver's license issued under this chapter." *Id*. at § 521.021.  Williams' possession of a valid Tennessee driver's license did not, therefore, provide a defense.[3]

We overrule issues one and two.

B.  Jury Tampering/Prosecutorial Misconduct.  Issue three, relating to Williams' assertion that the prosecutor entered the jury room while the jury was deliberating, has no support in the record.  The record does not reflect that Williams raised this issue with the trial court at the time it occurred—prior to the jury returning a verdict.  This issue was not, therefore, preserved for appeal.  *See* TEX. R. APP. P. 33.1.

Even if the issue had been preserved, Williams did not raise the issue in a motion for new trial.  A motion for new trial is a prerequisite to raising an issue on appeal when the issue requires establishing facts that are not otherwise in the record.  TEX. R. APP. P. 21.2; *Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013).  "A motion for new trial, supported by an affidavit, is the proper method for preserving a jury misconduct error." *Becerra v. State*, 620 S.W.3d 745, 749 (Tex. Crim. App. 2021) (citing *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. 1985)).  We overrule Williams' third issue.

*Conclusion*

Having overruled all of Williams' issues, we affirm the judgment of the trial court.

---

[3] Williams also testified that he was leaving Houston to escape the flooding caused by Hurricane Harvey. The record does not reflect that he requested a necessity instruction.  Any possible issue related to a necessity defense was not preserved for appeal.  *See* TEX. R. APP. P. 33.1.  Nor was any issue preserved regarding his claim that the prosecutor questioned him about other cases.  *Id*.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Davis[4]
Affirmed
Opinion delivered and filed August 18, 2021
Do not publish
[CR25]



---

[4] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.