Bobby Lee HUBBARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00719–CR.

Court of Appeals of Texas, Dallas.

Feb. 17, 1984.

Discretionary Review Granted July 18, 1984.

See also Tex.App., 649 S.W.2d 167.

Lawrence B. Mitchell, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before CARVER, ALLEN and SHUMPERT, JJ.

SHUMPERT, Justice.

This is an appeal from a conviction of bribery. Appellant contends that the trial court lacked jurisdiction because he was indicted under the wrong statute and that there was reversible error in the prosecutor's closing arguments. We disagree with appellant's contentions and affirm the conviction.

Appellant was in the heroin distribution business in South Dallas. His problem was that his dealers kept getting arrested and he was forced to post large cash bonds to free them so they would not "squeal" and so they could go back to work. These arrests were affecting the business' profitability. In an attempt to cure the problem, appellant attempted to bribe a police officer. He gave the officer money on one occasion, and promised him up to $2,000 per week if the officer would tell appellant when he or his dealers were to be raided. The officer eventually set up appellant and arrested him for bribery and delivery of heroin. There was one trial for three counts of bribery, and two counts of delivery of heroin. The jury convicted appellant on one of the bribery counts and both heroin charges. This opinion will deal only with the bribery charge. We have disposed of the heroin charges in an unpublished opinion. The sufficiency of the evidence is not challenged. Appellant's defense at trial was entrapment.

■ Initially, we must dispose of appellant's "Application for the Judicial Writ and Motion to Abate Appeal" filed in this court on December 13, 1983. The record reflects that appellant affirmatively elected to pursue an appeal with appointed counsel on April 14, 1982. When the application and motion were received, the case was at issue and ready for submission on January 3, 1984. Appellant is not entitled to hybrid representation. *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App.1981). The application and motion are denied.

Appellant contends that the trial court lacked jurisdiction because he should have been charged under TEX.PENAL CODE ANN. § 36.09 (Vernon 1974), rather than TEX.PENAL CODE ANN. § 36.02(a)(3) (Vernon Supp. 1982–1983). He contends that the two statutes proscribe the same conduct and that, therefore, he should have been charged under section 36.09, the more specific of the two statutes. We disagree.

■ Section 36.02, under which appellant was charged, is the bribery statute. The gist of the statute is that the conferring of a benefit upon a public servant as consideration for violation of one of his duties is an offense. The offense focuses

on the mental state of the actor, and is complete if a private citizen, by offering, conferring, or agreeing to confer, or a public servant or party official, by soliciting, accepting, or agreeing to accept, intends an agreement. *Minter v. State*, 70 Tex.Cr.R. 634, 159 S.W. 286 (1913); Searcy and Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 36.02 (Vernon 1974).

 The offering of a gift to a public servant statute has no consideration requirement. The offeror must merely know that the offeree is prohibited by law from accepting the benefit. The section applies to any person who offers, confers, or agrees to confer a gift that the public servant cannot accept under section 36.08. Searcy and Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 36.09 (Vernon 1974). There is no mention in this section of consideration or of effecting an agreement. The statute is designed to discourage generally buying the favor of public officials.

 Additionally, the two statutes do not have identical culpable mental states. The bribery statute creates an offense if a person "intentionally or knowingly does the proscribed act." The offering of a gift to a public servant statute does not prescribe a culpable mental state, therefore, the mental state must be discerned from TEX.PENAL CODE ANN. § 6.02 (Vernon 1974). Subsections (b) and (c) of section 6.02 provide that this mental state is intent, knowledge, or recklessness. Because recklessness is a lesser culpable mental state than intent or knowledge, a different range of conduct is prohibited by that statute than by the bribery statute.

 We hold that these two statutes proscribe different behavior. Appellant was properly indicted under the bribery statute as he intended that his money buy the specific information from police officers of when narcotics raids were to occur and not merely general favor. Consequently, the trial court had jurisdiction to hear his case. Appellant's first ground of error is overruled.

Appellant next objects to the following prosecutorial argument:

MR. REVESZ: He says he's not a violent person. Not a violent person? He says he shot somebody for messing with his woman. That's his direct testimony. That's not a violent person just because he shoots somebody, is it?

MR. ALLISTON: But, Your Honor, the law excused him, too. He was not guilty.

THE COURT: Excuse me. This is argument, go ahead.

MR. REVESZ: Good point, because the witness didn't show up. I wonder why.

MR. ALLISTON: Your Honor, that's outside the record.

THE COURT: Sustained.

MR. ALLISTON: Ask for an instruction.

MR. REVESZ: He testified to that.

MR. ALLISTON: It's so harmful—

THE COURT: Disregard that last statement.

MR. ALLISTON: Your Honor, we feel it's so harmful and prejudicial stating it outside of the record of a new and harmful fact that no instruction can cure it and we ask for a mistrial.

THE COURT: Overruled the mistrial.

Appellant contends that there was error in the statements, "Good point, because the witness didn't show up. I wonder why." He contends that they were outside the record and insinuated that appellant was a violent man, and that he had been found not guilty of a prior charge of shooting a man because he had frightened the witnesses so that they would not appear. We disagree that there was error.

 An instruction to disregard will cure any error unless the remark is so inflammatory that its prejudicial effect cannot be removed by such an instruction. *Blansett v. State*, 556 S.W.2d 322, 328 (Tex.Cr.App.1977). Appellant admitted in testimony that he did shoot at the man, although the court found him not guilty of that offense, because he was mad at him

for "messing with his old lady." He also admitted that he had been convicted and was presently on probation for shooting into an uninhabited place. We hold that any possible harm from the prosecutor's statement wondering why the witnesses didn't show up was cured by the instruction to disregard. Further, this argument is distinguishable from one held to be reversible error in *Johnson v. State*, 662 S.W.2d 368 (Tex.Cr.App.1984), in which the prosecutor argued as follows:

> [Prosecutor]: ... [D]on't you know that there are other witnesses. Don't you know that the people really saw what happened out there ....
>
> \* \* \* \* \* \*
>
> ... [W]hy don't people come forth, ladies and gentlemen? Why won't they get involved? Is it because they don't care?
>
> [Defense Counsel]: Your Honor, that's highly outside the record.
>
> [Prosecutor]: Or is it because they are afraid?
>
> [The Court]: Overruled.
>
> [Defense Counsel]: Note my exception.
>
> [Prosecutor]: I submit to you that it's because they are afraid. They are afraid to become involved. They are afraid to put the finger on the man that nearly killed another man. If anybody has a right to be afraid of testifying it should be the man who almost lost his life. It should be the man who laid on his back for thirty days and pondered the situation out there. The man who says that when I came and testify in court I'm fair game.

In *Johnson*, the argument referred to why witnesses did not appear in the case on trial. In this case, the witnesses who did not appear were witnesses in an extraneous proceeding concerning appellant. Once again, appellant here confessed on the stand to the conduct to which the prosecutor referred in his argument although he was not convicted of that offense. Additionally, there was an instruction to disregard the prosecutor's statement. *Blansett*, 556 S.W.2d at 328. We find no revers-

ible error. Appellant's second ground of error is overruled.

The conviction is affirmed.