**Fidel CERDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–386–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 26, 1988.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Deanie M. King, Dist. Atty's Office, Corpus Christi, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

The court, having accepted appellant's guilty plea, found him guilty of bribery and assessed punishment at five years' confinement, probated, and a $3,500 fine. We affirm the judgment of the trial court.

In his first point of error, appellant contends that the court erred in denying appellant's motion to dismiss which alleged he was improperly indicted under a general statute, Tex.Penal Code Ann. § 36.02 (Vernon Supp.1988) (Bribery), when he should have been charged under the more specific statute, Tex.Penal Code Ann. § 36.08(e) (Vernon Supp.1988) (Gift to Public Servant by Person Subject to his Jurisdiction). Appellant asserts that the two statutes are in *pari materia* in that they both proscribe the same conduct, and that the failure to charge him under the more specific statute constitutes reversible error warranting the setting aside of his conviction and dismissal of the indictment. *Sanford v. State,* 634 S.W.2d 850 (Tex.Crim.App.1982); *Tawfik v. State,* 643 S.W.2d 127 (Tex.Crim.App.1982); *Ex parte Harrell,* 542 S.W.2d 169 (Tex. Crim.App.1976).

The rule of *pari materia* is a principle of statutory construction which focuses on giving the full effect to the legislative intent behind the statute. Two statutes that are in *pari materia* are to be construed together, "each enactment in reference to the other, as though they were part of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." *Mills v. State,* 722 S.W.2d 411, 413 (Tex.Crim.App.1986); *Alejos v. State,* 555 S.W.2d 444, 446–47 (Tex.Crim.App.1977); *see also* Tex.Gov.Code Ann. § 311.026(a) (Vernon Pamph.1988). "If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *See* Tex.Gov.Code Ann. § 311.026(b) (Vernon Pamph.1988); *see also Mills,* 722 S.W.2d at 413; *Ex parte Wilkinson,* 641 S.W.2d 927, 932 (Tex.Crim. App.1982).

Appellant was indicted and convicted under Tex.Penal Code Ann. § 36.02 (Vernon Supp.1988). The pertinent portion states:

(a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

\*     \*     \*     \*     \*     \*

(3) Any benefit as consideration for a violation of a duty imposed by law on a public servant or party official.

This "Bribery" statute prohibits the conferring of a benefit upon a public servant as consideration for violation of one of his duties. Section 36.02 focuses on the mental state of the actor, and is complete if a private citizen, by offering, conferring or agreeing to confer; or a public servant, by soliciting, accepting, or agreeing to accept, intends an agreement. *See Minter v. State,* 159 S.W. 286, 294–95 (Tex.Crim.App. 1913); *Hubbard v. State,* 668 S.W.2d 419, 421 (Tex.App.—Dallas 1984), *remanded on other grounds,* 739 S.W.2d 341 (Tex.Crim. App.1987).

On the other hand, Tex.Penal Code Ann. § 36.08 (Vernon Supp.1988) is entitled "Gift to Public Servant by Person Subject to His Jurisdiction." The pertinent portions are as follows:

(e) A public servant who has judicial or administrative authority, who is employed by or in a tribunal having judicial or administrative authority, or who participates in the enforcement of the tribunal's decision, commits an offense if he solicits, accepts, or agrees to accept any benefit from a person the public servant knows is interested in or likely to become interested in any matter before the public servant or tribunal.

This statute prohibits a public servant who is employed by a tribunal having judicial or administrative authority from soliciting, accepting, or agreeing to accept any benefit from a person the public servant knows is interested in, or likely to become interested in, any matter before the tribunal. Thus, Section 36.08 neither requires that the gift be made in exchange for a violation of the law, nor requires any agreement between the parties. Moreover, the practice commentary to this section reveals that the objective of Section 36.08 was to prohibit such gifts to ensure governmental integrity and to penalize the unprovable bribe.

■ We hold that Sections 36.02 and 36.08(e) are not in *pari materia,* but are both broad and general statutes having different elements of proof and different purposes and objectives. Neither statute controls the other, and appellant was properly indicted under the bribery statute. Although the State may have prosecuted appellant under either statute, there is no requirement that the State prosecute appellant on the one carrying the lesser range of punishment. Consequently, the trial court had jurisdiction to hear this case. *See Hubbard,* 668 S.W.2d at 421. We overrule appellant's first point of error.

■ In his second point of error, appellant contends the indictment fails to state a felony offense. Appellant complains that the allegations in the indictment, "said violation being that Fidel Cerda *would destroy the government records,"* fails to state an offense under Section 36.02. He argues that an offense occurs only when the public servant does destroy the government record.

Appellant's argument is without merit. As stated above, an offense under § 36.02 is complete once there is an agreement to violate a legal duty. Appellant, as a bailiff of a municipal court, had a duty to preserve the court's records. Appellant committed an offense under § 36.02 when he agreed to destroy, conceal, or remove governmental records; i.e., two traffic citations, in exchange for a pecuniary benefit. No actual destruction, concealment, or removal of those governmental records were necessary to sustain a conviction. We overrule appellant's second point of error.

The judgment of the trial court is AFFIRMED.